[Civ. No. 9959. Second Appellate District, Division One.—November 8, 1934.]

In the Matter of the Guardianship of GERTRUDE DORIS MAHN, a Minor. MARY T. MAHN, Respondent, v. NELLIE MAHN, Appellant.

Francis W. Bunnett for Appellant.

Ivan Miller for Respondent.

HOUSER, J.—The mother of Gertrude Doris Mahn, a minor, has appealed to this court from an order or judgment by which the guardianship of the person and the estate of said minor was awarded to the paternal grandmother of said minor.

In substance and effect, the principal ground urged by appellant as a reason for the reversal of the judgment is that the evidence was insufficient to sustain it.

It is well-established law that in circumstances such as are here present (the father of the minor being dead), the mother of the minor has the natural right of preference; but that such right is not absolute. Where the unfitness of the mother is made to appear, the guardianship of the minor may be awarded to some other person. (13 Cal. Jur. 153; see, also, authorities cited under section 13 of title Guardian and Ward, in the 1928 and 1932 Supplements to Cal. Jur.) An examination of the record herein shows that the evidence upon which the trial court had authority to rest its conclusion was ample to sustain the judgment. Nor may it properly be concluded that the trial court abused its discretion in the matter.

Appellant also complains that no evidence was introduced in support of a certain finding of fact made by the trial court; but in view of the situation that the finding was in accord with the allegation that was contained in the

petition for the appointment of the guardian, which allegation was not denied in the answer to such petition, in order to sustain a finding of fact in that behalf, no evidence was necessary. The failure on the part of the respondent to the petition to deny the fact alleged in the petition, in itself was an admission of the fact.

Finally, appellant urges the point that, over the objection of appellant, the trial court committed prejudicial error in the admission of certain evidence. But even conceding the correctness of appellant's assertion regarding the commission of the alleged error in that regard, this court is convinced that the action of the trial court did not result in a miscarriage of justice. (Sec. 4½, art. VI, Const.)

The judgment or order is affirmed. Since no appeal lies from an order denying a motion for a new trial, appellant's appeal in that regard is dismissed.

Conrey, P. J., and York, J., concurred.